C. C. ALBRIGHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47193. Promulgated May 11, 1933.

*George M. Thompson, C.P.A.,* for the petitioner.
*Albert C. Baird, Esq.,* and *R. W. Wilson, Esq.,* for the respondent.

**86**

OPINION.

BLACK: Section 704 (b) of the Revenue Act of 1928, which is involved in this proceeding, is printed in the margin.[1]

The Commissioner in his determination of the deficiencies has determined the net income of the two trusts for each of the taxable years and has also determined the beneficiaries to whom it was distributable and in what amounts it was distributable to each. Petitioner does not contest the determination which the Commissioner has made of the net income of the trusts, but he does contest respondent's determination of the amount of such income which was distributable to petitioner in each of the taxable years.

---

[1](b) For the purpose of the Revenue Act of 1926 and prior Revenue Acts, a trust shall, at the option of the trustee exercised within one year after the enactment of this Act, be considered as a trust the income of which is taxable (whether distributed or not) to the beneficiaries, and not as an association, if such trust (1) had a single trustee, and (2) was created and operated for the sole purpose of liquidating real property as a single venture (with such powers of administration as are incidental thereto, including the acquisition, improvement, conservation, division, and sale of such property), distributing the proceeds therefrom in due course to or for the benefit of the beneficiaries, and discharging indebtedness secured by the trust property, and (3) has not made a return for the taxable year as an association.

We think it will make for clarity if we discuss the trusts separately.

### Trust No. 2—1569.

The Commissioner has determined the net income of this trust for the taxable years to be: 1924, $23,035.99; 1925, $146,932.11. Of the above amounts he has allocated, for the year 1924, to the petitioner the sum of $2,879.50 as his share of the profits distributable to the beneficiaries, and $7,678.66 designated as residuary profit. For the year 1925 the Commissioner has allocated to petitioner $16,074.64 as his share of the profits distributable to the beneficiaries, and $46,200.71 designated as residuary profit.

Petitioner does not contest respondent's allocation to him of his distributable share of the income for each of the respective taxable years on account of his being one of the beneficiaries of the trust. It has been stipulated, however, that this part of petitioner's share for each of the taxable years was somewhat smaller than that which respondent determined and effect will be given to this stipulation in a recomputation under Rule 50.

Petitioner does, however, contest the action of respondent in adding $7,678.66 to his income for 1924, and $46,200.71 to his income for 1925, under the designation of residuary profits from Trust No. 2—1569. Petitioner's assignment of error in this respect is stated in his petition as follows:

Petitioner, in addition to owning a 26.425/150ths interest in Trust 2—1569, is also entitled, in the nature of a commission or bonus under the terms of said trust to the sum of $75,000. This sum is not received on account of his beneficial interest and is therefore not taxable in accordance with section 704 (b), Revenue Act of 1928, whether distributed or not, but is taxable in the year received.

We do not agree with this contention. Section 704 (b) provides that the income of a trust coming within its provisions shall be taxable (whether distributed or not) to the beneficiaries.

As we view it, the question we have to decide is not whether the two amounts in question, $7,678.66 for 1924 and $46,200.71 for 1925, were actually distributed to petitioner during the taxable years, but whether such amounts were distributable income to him as a beneficiary of the trust in those years. If such profits were distributable income to him as a beneficiary of the trust, they are taxable income to him whether actually distributed or not.

H. R. 1, when it first passed the House of Representatives in 1928, did not contain any section 704 (b). An amendment was added in the Senate as section 704 (a) and (b). Section 704 (b), as added by the Senate, gave these real estate trusts the option to file their election to be taxed as a trust and not as an association, but did not

make clear that the income of the trust was to be taxed to the beneficiaries *whether distributed or not*. The bill was amended in conference as follows: " On page 41 of the Senate engrossed amendments, line 21, after ' taxable ' insert ' whether distributed or not '." In the statement accompanying the conference report to the House of Representatives, the managers on the part of the House had the following to say regarding section 704 (b) as amended by the conference report:

Under existing law there is considerable confusion as to the proper distinction to be drawn between a trust and an association, particularly certain so-called real estate trusts. While it is not deemed advisable at this time to write into the statutes a more explicit definition of a trust and an association, it was desired by the Senate to make specific provision retroactively to make definite and certain the tax liability in the past of these organizations.

The House recedes with a clarifying amendment making it *certain that the amounts will be taxable to the beneficiaries whether or not such amounts are actually distributed.* [Italics supplied.]

Cf. *Lucian S. Moore, Jr., Trustee,* 21 B. T. A. 1362; *Mamie R. Oakman,* 24 B. T. A. 84.

An examination of the agreement entered into November 1, 1923, will show that the profits designated as general profits were to be divided (a) 40 percent to the syndicate holders until they should receive $300,000; (b) 20 percent to Albright (petitioner) until he should receive $75,000; (c) 40 percent to Culver.

There was no agreement that the syndicate holders should receive their 40 percent of the profits to a limit of $300,000 ahead of petitioner's 20 percent of the profits to a limit of $75,000. It was Culver's profits which were to be postponed and the agreement specifically provided that, when the profits were insufficient to make distribution of profits to Culver, the division of the profits should be made on the basis of one third to Albright and two thirds to syndicate holders.

This is what the respondent has done in his determination of the distributable income of the trust for the years 1924 and 1925, and we think it is in accordance with the agreement of the parties.

It is true that in the agreement of November 1, 1923, petitioner was designated as agent for the sale of the property when subdivided into lots and of course any commissions which were paid for the sale of lots were deductions from the gross income of the trust and do not constitute a part of the net income of the trust which the Commissioner has determined for the two taxable years. There is no contention that the Commissioner has refused to allow, as a deduction in determining the net income of the trust, any of the commissions paid for the sale of lots.

In addition to the 20 percent commissions which were to be paid for the sale of each lot, Albright was to receive a division of what were designated general profits. This amount, as we have already stated, was to be 20 percent of said general profits not to exceed $75,000. These general profits were not deductible as a part of the expense of selling the lots.

It seems to us that this part of the agreement constituted Albright a beneficiary of the trust within the meaning of section 704 (b), Revenue Act of 1928, and the amounts of these general profits which were his distributable share during the two taxable years in question were taxable to him, although he did not receive them until a later date and although he filed his income tax return on the cash receipts and disbursements basis. Respondent's action in this respect is approved.

*Trust No. S—5925.*

Respondent in his determination of the deficiencies increased the petitioner's distributable share of the trust income as one of the first beneficiaries for the year 1924, from $7,876, as reported by petitioner in his return, to $11,319.86. Respondent added nothing to petitioner's income for the year 1924 on account of his being one of the second beneficiaries of the trust.

For 1925 respondent decreased petitioner's distributable share of income as one of the first beneficiaries of the trust from $6,999.16 to $3,680.15 and added to petitioner's income $59,828.54 as petitioner's share of the distributable income of the trust due the second beneficiaries. This latter item petitioner contests in his brief on the following ground: " Petitioner is not taxable upon any sums purporting to represent ' second beneficiary ' profits from Title Insurance and Trust No. S—5925, Cahuena Park, until such sums are actually received by the petitioner." An examination of the petition does not disclose any assignment of error corresponding to the above quotation from petitioner's brief.

The Board has held that unless an issue is raised by the pleadings, it is too late to raise it for the first time in the brief. However, even if it be conceded that petitioner's allegations in the petition are sufficient to raise the question as presented by his brief, we think he must fail.

As we have already pointed out in our discussion under Trust No. 2—1569, section 704 (b) requires that the income of the trust described therein shall be taxable to the beneficiaries whether distributed or not. All that is required is to ascertain the beneficiaries to whom such income is distributable and what share each is entitled to receive. Upon the ascertainment of these facts, the income which

each beneficiary is entitled to receive is taxable to him whether distributed or not and whether he files his income tax return on an accrual basis or on the cash receipts and disbursements basis.

An examination of the revenue agent's report, which was approved by the Commissioner in his determination of the deficiencies, discloses that the revenue agent determined that the distributable net income of Trust No. S—5925 for 1924 was $95,086.79, and for 1925, $150,570.31. The petition filed herein assailed this determination upon several grounds, but evidently these assignments of error have all been abandoned, because the stipulation contains no facts with reference to them and nothing is said about them in petitioner's brief. The only reason which petitioner urges as to why the $59,828.54, determined by respondent to be petitioner's distributable share for the year 1925 as one of the second beneficiaries of the trust, should not be added to his taxable income for that year, is that he did not receive that amount in 1925 and under the terms of the trust agreement could not possibly have received it in that year.

It must be remembered that we are dealing here with income and not the corpus of the trust estate. It is true that section 3 of the trust agreement, quoted in full in our findings of fact, provided that the first beneficiaries should first recover their full principal; viz, $126,000, and interest thereon at 6 percent, and then the first $126,000 of profits should be distributed to them, after which all their interest in the trust should cease. Then the second beneficiaries, of whom petitioner is one, were entitled to receive the balance of earnings. It is plain that the above agreement, under the facts stipulated, postponed the actual receipt of petitioner's share in these surplus earnings beyond the taxable year 1925, but that fact does not affect petitioner's right to their ultimate distribution.

The total profits of the trust in question for the years 1924 and 1925, as determined by respondent, were $245,657.10. Manifestly only $126,000 of this income belonged to the first beneficiaries under the terms of the agreement, and the balance was ultimately distributable to the two second beneficiaries, of whom petitioner was one. Because he was a second beneficiary of the trust makes him none the less a beneficiary. It is true that the payment to these second beneficiaries of their share of the profits had to be postponed until the first beneficiaries had not only received $126,000 in profits, but a return of their capital of $126,000, but this capital payment has nothing to do with the taxability of income—it simply affects the time of payment to the second beneficiaries of their share of the profits. The respondent has so treated it.

The first $126,000 of the $245,657.10 income of the trust for 1924 and 1925 respondent has held to be distributable to the first bene-

ficiaries. This resulted in none of the distributable income of the trust for 1924 being allocated to the second beneficiaries, but resulted in $119,657.07 of 1925 income being allocated to second beneficiaries. Of this, petitioner was held to be entitled to one-half, or $59,828.54, and it is this amount which respondent has added to petitioner's income for 1925 as income of second beneficiary. We think respondent's action in this respect is in accord with the contract agreement between the parties and the law which is applicable to the case. Cf. *Trust No. 5522 and Trust No. 5654, Bellehurst Syndicate*, 27 B.T.A. 1250, allegation (d) therein.

Respondent's determination in this respect is approved.

Reviewed by the Board.

*Decision will be entered under Rule 50.*